# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERNANDEZ T.,**<br><br>Petitioner,<br><br>v.<br><br>**WARDEN, ESSEX COUNTY JAIL,**<br><br>Respondents. | Civil Action No. 19-12584 (SRC)<br><br><br>**OPINION** |

**CHESLER,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Hernandez T., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 8), to which Petitioner has replied. (ECF No. 9). For the following reasons, this Court will deny the habeas petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Liberia and entered the United States as a refugee in 2004. (Document 1 attached to ECF No. 8 at 3). Petitioner became a lawful permanent resident in 2008. (*Id.*). From 2014 to 2017, Petitioner amassed numerous drug convictions including convictions for possession of marijuana in 2014 and 2016, and possession with intent to distribute cocaine within one thousand feet of a school in March 2017. (*Id.*). Based on this criminal history, Petitioner was taken into immigration custody on July 28, 2017 and detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c). (*Id.* at 2, 4). Petitioner has remained in immigration custody since that time.

Petitioner appeared for his first immigration hearing in August 2017. This hearing was adjourned until September 21, 2017 so that Petitioner could acquire counsel. (Document 9

1

attached to ECF No. 8 at 1). Thereafter, the September 21 hearing was adjourned so that Petitioner could file applications for relief from removal. (*Id.*). Petitioner filed his application on October 17, 2017 and was scheduled for a hearing in November 2017. (*Id.* at 2). At petitioner's request, this hearing was adjourned twice and ultimately rescheduled for February 28, 2018. (*Id.*). This hearing date was then adjourned until March 23, 2018 by the immigration court for scheduling reasons. (*Id.*). On March 23, 2018, the immigration judge denied Petitioner's relief applications and ordered him removed to Liberia. (*Id.*). Petitioner filed an appeal in April 2018. The Board of Immigration Appeals (BIA) dismissed the appeal and affirmed the order of removal on September 6, 2018. (*Id.*). Because Petitioner was then subject to a final order of removal, Petitioner's detention shifted to post-removal order status and Petitioner's detention was continued under 8 U.S.C. § 1231(a).

Thereafter, Petitioner filed a petition for review with the Third Circuit. (Document 7 attached to ECF No. 8 at 1). That petition was stayed pending a decision by the Third Circuit in another case. (Document 6 attached to ECF No. 8). Petitioner then filed a motion seeking a stay of removal, which was temporarily granted by the Third Circuit on March 7, 2019. (Document 7 attached to ECF No. 8 at 2). Because of this stay, Petitioner's detention shifted back to 8 U.S.C. § 1226(c) because the stay of removal rendered his removal order non-final. *See, e.g., Leslie v. Att'y Gen.*, 578 F.3d 265, 268-70 (3d Cir. 2012).

On June 10, 2019, Petitioner filed a motion in the immigration court seeking a bond hearing under *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018) (providing for a bond hearing for those detained under 8 U.S.C. § 1231(a) for more than six months). Because the immigration judge apparently believed that Petitioner was still detained under § 1231(a), a *Guerrero-Sanchez* bond hearing was held by the immigration judge in June 2019. (Document 8

2

attached to ECF No. 8). The immigration judge issued a decision denying bond under *Guerrero-Sanchez* on August 5, 2019. (*Id.*) In issuing that decision, the immigration judge found that *Guerrero-Sanchez* applied as Petitioner had been detained under § 1231(a) for more than six months. As such, the Government bore the burden at the bond hearing of showing that Petitioner was either a flight risk or a danger to the community by clear and convincing evidence. (*Id.* at 3-4.) If the Government failed to meet this burden, Petitioner's release on bond would be warranted. (*Id.*) The immigration judge then found that the Government met this burden and proved by clear and convincing evidence that Petitioner was both a flight risk and danger to the community. (*Id.* at 4). The immigration judge explained as follows:

> The Court acknowledges [Petitioner]'s family ties to the United States and his long presence in the country. However, the Court finds that it is his family in the United States that makes [Petitioner] likely not to depart the country if his appeal, with the Third Circuit is ultimately denied. Furthermore, [Petitioner] was placed in the custody of the DHS only after he was arrested by the Lindenwold Police Department on an outstanding warrant for his arrest for a contempt of court charge. The Court believes that [Petitioner] has a proclivity for ignoring authority and a strong interest in avoiding law enforcement, as he has done before. Accordingly the Court is not convinced that [Petitioner] would appear for a subsequent hearing or depart the United States upon a denial from the Third Circuit.
>
> [Petitioner] has had numerous encounters with law enforcement and an extensive criminal history. The DHS argues that [Petitioner] is a danger to the community because of his multiple arrests and because he was only brought to the attention of the DHS when he was arrested on an outstanding warrant[. Petitioner] was convicted for possession of marijuana and obstructing justice [o]n August 19, 2010. On February 18, 2014, [Petitioner] was convicted of possession of marijuana. On February 1, 2017, [Petitioner] was convicted of possession of marijuana. On March 3, 2017, [Petitioner] was arrested for possession with the intent to sell cocaine. Indeed, [Petitioner]'s criminal history is extensive and [Petitioner]'s contempt of state court concerns this Court as it demonstrates [Petitioner]'s lack of respect for authority.

3

> The Court finds that DHS has met its burden of establishing that [Petitioner] would pose a danger to the community and is not likely to appear for a future proceeding [if released on bond]. There is a final order of removal and the outcome of [Petitioner]'s appeal in the Third Circuit is speculative. [Petitioner] has an extensive criminal history and has previously faired to appear for state court hearings. Accordingly, the Court finds that [Petitioner] is a danger to the community and a flight risk. Therefore, [Petitioner]'s request [for release on bond under *Guerrero-Sanchez*] is denied.

(Document 8 attached to ECF No. 8 at 3).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process. Thus, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner argues that his continued immigration detention violates his right to Due Process in light of the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). Although Petitioner has received an administratively final order of

4

removal, because he has received a court ordered stay of removal, his detention has shifted to pre-final order mandatory detention under § 1226(c) and his petition must be evaluated in light of that fact. *See Leslie*, 578 F.3d at 268-72.

Although the Supreme Court abrogated the direct holdings of both *Diop* and *Chavez-Alvarez* in *Jennings v. Rodriguez*, 538 U.S. ---, 138 S. Ct. 830 (2018), see *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018), both courts in this District and the Third Circuit have recognized that the abrogation of the constitutional avoidance holdings of *Diop* and *Chavez-Alvarez* did not rob those cases of all precedential authority. *Id.*; *see also Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018). Specifically, the Third Circuit has noted that "*Jennings* did not call into question [the] constitutional holding in *Diop* [and *Chavez-Alvarez*] that detention under § 1226(c) may violate due process if unreasonably long." *Borbot*, 906 F.3d 278-29; *see also Dryden*, 321 F. Supp. 3d at 502.

After *Jennings*, it therefore remains the law in this Circuit that the as-applied "constitutionality of [§ 1226(c) detention is] a function of the length of the detention [and t]he constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues," and "any determination on reasonableness [requires a] highly fact specific" inquiry. *Chavez-Alvarez*, 783 F.3d at 474-75; *see also Diop*, 656 F.3d at 232, 234. An alien's immigration detention may thus become an unconstitutional application of § 1226(c) where the prolonged nature of that detention becomes "so unreasonable [that it] amount[s] to an arbitrary deprivation of liberty [which] cannot comport with the requirements of the Due Process Clause." *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474. Although "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would otherwise not get under the

5

statute," *Chavez-Alvarez*, 783 F.3d at 476, where an alien's detention becomes unreasonably prolonged merely because he has pursued valid challenges to his removal, his detention may eventually become so arbitrary that the Due Process clause requires a bond hearing at which the Government bears the burden of proving that Petitioner is either a flight risk or danger to the community. *See K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (detention of nineteen months in the absence of bad faith on Petitioner's part warranted a bond hearing where Petitioner was pursuing a valid petition for review before the Third Circuit and had received a stay of removal); *see also Carlos A. v. Green*, No. 18-13356, 2019 WL 325543, at *4 (D.N.J. Jan. 25, 2019) (detention of over eighteen months).

Here, Petitioner contends that he should be granted a new bond hearing because he has been held for two and a half years and remains subject to mandatory detention under 8 U.S.C. § 1226(c). The fatal flaw in Petitioner's claim, however, is that both *Diop* and *Chavez-Alvarez* stand for the proposition that the prolonged detention of an alien who is subject to mandatory detention *without* a bond hearing may become so overlong that it violates Due Process. This constitutional violation has but a single remedy – a bond hearing at which the Government bears the burden of proving that Petitioner is either a flight risk or a danger to the community. Petitioner has already received such a hearing, although it was provided to him under the mistaken belief that Petitioner was still subject to § 1231(a) detention and thus entitled to a *Guerrero-Sanchez* hearing. A properly held *Guerrero-Sanchez* hearing, such as the one Petitioner received is at least as protective as a *Chavez-Alvarez* bond hearing insomuch as it places the burden of proof on the Government, requires the same showing that Petitioner was either a flight risk or danger to the community, and requires the Government to make this showing by clear and convincing evidence, a standard at or above that required by *Chavez-Alvarez*. *See, e.g., Kwasi A. v. Edwards*, No. 18-

6

15029, 2019 WL 3219157, at *6 n. 3 (D.N.J. July 17, 2019); *K.A. v. Green*, No. 18-3436, 2018 WL 6003541, at *1 (D.N.J. Nov. 14, 2018). Because the immigration judge in this matter applied this heightened standard to Petitioner and found that the Government met its burden of proving by clear and convincing evidence that Petitioner was *both* a flight risk and a danger to the community, Petitioner has already received the relief to which he would be entitled under *Diop* and *Chavez-Alvarez*. Petitioner's case is therefore wholly distinguishable from aliens such as those in *Diop* and *Chavez-Alvarez* who were held for prolonged periods of time without the benefit of a bond hearing. As Petitioner has already received the very benefit he seeks and has been found to be both a flight risk and danger to the community by an immigration judge by clear and convincing evidence, and because this Court has no authority to second-guess the bond decisions of an immigration judge, *see, e.g.,* 8 U.S.C. § 1226(e), his continued detention, although prolonged, does not violate Due Process in light of the bond hearing he received. Petitioner's habeas petition is denied.

## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DENIED WITHOUT PREJUDICE. An appropriate order follows.

Hon. Stanley R. Chesler,
United States District Judge